# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MYRON WILLIAMS, <br><br> Defendant. | Criminal Action No. 15-077-4 (BAH) <br> Judge Beryl A. Howell |

## ORDER

Defendant Myron Williams, proceeding with court-appointed counsel pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, requests appointment of a second attorney—specifically, Ms. Kristen Grim Hughes, Esq.—to aid in his defense. CJA guidelines provide that "[i]n an extremely difficult case where the court finds it in the interest of justice[,]" the court may appoint an additional attorney, and "each attorney is eligible to receive the maximum compensation allowable under the CJA." ADMIN. OFF. OF THE U.S. CTS., 7A GUIDE TO JUDICIARY POLICY ("CJA Guidelines") § 230.53.20(a) (last revised Nov. 3, 2015); *see also* D.D.C. CRIMINAL JUSTICE ACT PLAN ¶ III(C) (as amended Feb. 5, 2002) ("More than one attorney may be appointed in any case determined by the court to be extremely difficult."). The Court's finding "that the appointment of an additional attorney in a difficult case [is] necessary and in the interest of justice must appear on the Order of Appointment." CJA Guidelines § 230.53.20(b).

CJA guidelines do not define "extremely difficult," and this Circuit has not articulated a standard for determining whether a case is "extremely difficult." The Tenth Circuit has instructed that, as a defendant's "right to court-appointed counsel is geared toward the goal of ensuring constitutionally *adequate* representation," a court should consider whether the additional attorney is "necessary to an adequate defense." *United States v. Clark*, 717 F.3d 790,

1

811–12 (10th Cir. 2013) (emphasis in original); *see also id.* at 812 ("In all cases, we consider whether the denial of CJA funding for an additional attorney impeded the defendant's defense, not incidentally, but directly enough to undermine a constitutionally 'adequate' defense."). Generally, "[w]here the court is tasked with evaluating the prejudice that would befall a defendant absent additional counsel, it must consider a vast array of contextually specific matters related to the way proceedings have advanced." *Id.* at 811.

The CJA provision governing the maximum amount of attorney compensation and guidelines and cases related to that provision are also instructive.[1] Under the CJA, excess compensation is permitted for "extended or complex representation whenever the court in which the representation was rendered . . . certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit." 18 U.S.C. § 3006A(d)(3). CJA guidelines provide: "If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case, the case is 'complex.' If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is 'extended.'" CJA Guidelines § 230.23.40(b). The D.C. Circuit held "that excess compensation is to be allowed if, but only if, the legal or factual problems in the case, or the quantity or nature of the service demanded, are 'significantly greater' than average." *United States v. Bailey*, 581 F.2d 984, 989 (D.C. Cir. 1978). It explained, "[t]he point of reference is the case commonly encountered, and the comparison must reveal enough margin of difference to justify a confident conclusion that excess compensation is essential to fairness." *Id.*

---

[1] Courts have noted, however, that "[w]hat constitutes a complex case or extended representation for purposes of compensation is not necessarily the same standard for determining whether dual representation is warranted under the CJA in a non-capital case." *United States v. Knott*, No. 3:07-cr-056-JWS-JDR, 2011 WL 2357508, at *2 (D. Alaska June 13, 2011).

Certainly, appointments of more than one attorney to a criminal defendant in a non-capital case must not be freely given. "Otherwise," as other decisions from this Court have recognized, "the supplementation of assigned counsel may become an opportunity for 'independent contracting' beyond the scope of the [CJA]. . . ." *United States v. Hinckley*, 721 F. Supp. 323, 325 n.2 (D.D.C. 1989). Indeed, "[t]he courts must remain continually mindful both of the burdens and sacrifices which members of the bar daily make in the representation of indigent defendants and of the fact that the public funds available for this endeavor are severely limited." *United States v. Thompson*, 361 F. Supp. 879, 893 (D.D.C. 1973) (Bazelon, C.J., D.C. Cir.), *vacated in part and aff'd in part without opinion*, *United States v. Boggins*, 489 F. 2d 1273 (D.C. Cir. 1974).

With this backdrop, and upon consideration of the defendant's Request for Appointment of a Second Chair, ECF No. 50, the Court finds that this case is "extremely difficult" and that an additional attorney is necessary to prepare an adequate defense for the defendant for the following reasons.

First, the defendant has been indicted in two different cases, Case No. 15-cr-076 and Case No. 15-cr-077, for his alleged role in two different narcotics trafficking conspiracies with fifteen different co-conspirators, and counsel will be representing the defendant in both cases. Second, the defendant's current counsel was recently appointed, upon the Court's grant of the defendant's in-court oral motion for appointment of new counsel, *see* Minute Entry (Dec. 19, 2015), and, thus, is approximately six months behind in his work on the case, as the defendant made an initial appearance in the case at the end of June 2015, *see* Minute Entry (June 29, 2015). Third, the discovery in both cases is voluminous. Counsel represents that the defendant's phone was wiretapped for 59 days, counting extensions, and generated 5,876

activations, and that there were a combined total of 33,592 activations for the co-defendants in both cases.  Lastly, the government has filed a Notice of Prior Felony Drug Convictions, ECF No. 33, pursuant to 21 U.S.C. § 851, and the defendant faces a penalty of life imprisonment.

With respect to the defendant's specific request for the appointment of Ms. Kristen Grim Hughes, Esq., the local CJA Plan recognizes that, pursuant to the CJA, "[c]ounsel furnishing representation under the Plan shall be selected from a panel of attorneys designated or approved by the Court, or from a bar association, legal aid agency, or defender organization furnishing representation pursuant to the Plan."  D.D.C. CRIMINAL JUSTICE ACT PLAN ("D.D.C. CJA Plan") ¶ V(G) (as amended Feb. 5, 2002).  The Plan provides, however, that "when the district judge presiding over the case . . . determines that the appointment of an attorney, who is not a member of the CJA Panel, is in the interest of justice, judicial economy or continuity of representation, or there is some other compelling circumstance warranting his or her appointment, the attorney may be admitted to the CJA Panel pro hac vice and appointed to represent the CJA defendant."  *Id*.  "[S]uch appointments should be made only in exceptional circumstances[,]" and "the attorney who may or may not maintain an office in this district, should possess such qualities as would qualify him or her for admission to this district's CJA Panel in the ordinary course of Panel selection."  *Id*.

Though Ms. Hughes is not a member of the local CJA Panel, the defendant has submitted her resume and a description of her relevant experience, *see* Notice of Filing: Proposed Second Chair Qualifications, Exs. 1–2, ECF Nos. 52-1 to -2, which indicate that she is a member in good standing of the bar of this Court and would be qualified for admission to the Panel in the ordinary course of selection, *see* D.D.C. CJA Plan ¶ V(C) ("Applicants must be members in good standing of the bar of this Court, and have demonstrated experience in, and

knowledge of, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence, and shall have had criminal trial experience.")   Accordingly, it is hereby:

**ORDERED** that the defendant's Request for Appointment of a Second Chair, ECF No. 118, is GRANTED; and it is further

**ORDERED** that Ms. Kristen Grim Hughes, Esq. shall enter an appearance to represent the defendant in this matter.

**SO ORDERED**.

DATED:  February 5, 2016

_____
BERYL A. HOWELL
United States District Judge